WEIL, GOTSHAL & MANGES LLP
Stephen Karotkin (*pro hac vice*)
(stephen.karotkin@weil.com)
Jessica Liou (*pro hac vice*)
(jessica.liou@weil.com)
Theodore Tsekerides (*pro hac vice*)
(theodore.tsekerides@weil.com)
Matthew Goren (*pro hac vice*)
(matthew.goren@weil.com)
767 Fifth Avenue
New York, NY 10153-0119
Tel: 212 310 8000
Fax: 212 310 8007

KELLER & BENVENUTTI LLP
Tobias S. Keller (#151445)
(tkeller@kellerbenvenutti.com)
Peter J. Benvenutti (#60566)
(pbenvenutti@kellerbenvenutti.com)
Jane Kim (#298192)
(jkim@kellerbenvenutti.com)
650 California Street, Suite 1900
San Francisco, CA 94108
Tel: 415 496 6723
Fax: 650 636 9251

CRAVATH, SWAINE & MOORE LLP
Paul H. Zumbro (*pro hac vice*)
(pzumbro@cravath.com)
Kevin J. Orsini (*pro hac vice*)
(korsini@cravath.com)
Omid H. Nasab (*pro hac vice*)
(onasab@cravath.com)
825 Eighth Avenue
New York, NY 10019
Tel: 212 474 1000
Fax: 212 474 3700

*Attorneys for Defendants*
*(Debtors and Debtors in Possession)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PG&E CORPORATION,<br><br>-and-<br><br>PACIFIC GAS & ELECTRIC COMPANY,<br>Debtors.<br><br>――――――――――――――<br><br>DAVID HERDON, JULIA HERNDON, GABRIELL HERNDON, JEDIDIAH HERNDON, ESTEFANIA MIRANDA, STEVEN JONES, GABRIELLA'S EATERY, CHICO RENT-A-FENCE and PONDEROSA PEST & WEED CONTROL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PG&E CORPORATION, a California corporation, PACIFIC GAS & ELECTRIC COMPANY, a California corporation,<br><br>Defendants. | Case No. 19-30088<br><br>(Lead Case) (Jointly Administered)<br>Chapter 11<br><br>Adv. Pro. No. 19-03005<br><br>**DEBTORS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, STAY ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: June 26, 2019<br>Time: 9:30 a.m. (Pacific Time)<br>Place: United States Bankruptcy Court<br>Courtroom 17, 16th Floor<br>San Francisco, CA 94102<br>**Objection Deadline:** June 12, 2019 |

PG&E Corporation ("**PG&E Corp**.") and Pacific Gas and Electric Company (the "**Utility**"), as debtors and debtors in possession (collectively, "**PG&E**" or the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), and as Defendants in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), hereby move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "**Federal Rules**"), as made applicable to the Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**"), to (i) issue an order enforcing the automatic stay and dismissing the Adversary Proceeding; or (ii) to the extent the Adversary Proceeding is not dismissed, exercise its powers under section 105 of the Bankruptcy Code to stay adjudication of the Adversary Proceeding.

This Motion is supported by the *Debtors' Memorandum of Points and Authorities in Support of Debtors' Motion to Dismiss Plaintiffs' First Amended Complaint or Stay Adversary Proceeding* included herein, as well as any supporting documents attached thereto.

A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit 1** (the "**Proposed Order**").

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ...................................................................................1

II.  STATEMENT OF RELEVANT FACTS .....................................................................2

     A.   The Debtors Commenced The Chapter 11 Cases To Address Wildfire Claims............2

     B.   Plaintiffs Initiated The Adversary Proceeding By Filing An Improper Complaint
          Asserting Prepetition Claims ...................................................................................3

     C.   Plaintiffs Filed An Equally Improper Amended Complaint Asserting Prepetition
          Claims ....................................................................................................................4

III. LEGAL STANDARD...............................................................................................5

IV.  ARGUMENT ...........................................................................................................6

     A.   Plaintiffs' Adversary Proceeding Is Improper And Must Be Dismissed.....................6

          1.   Plaintiffs' Claims As Alleged In The Amended Complaint Are
               Prepetition Claims And Cannot Be Brought Through An Adversary
               Proceeding................................................................................................6

          2.   Plaintiffs' Requests For Declaratory And Equitable Relief Based On
               Prepetition Claims Cannot Be Brought Through An Adversary
               Proceeding................................................................................................7

          3.   Plaintiffs' Prepetition Claims Must Be Asserted Though The Proof Of
               Claim Process............................................................................................9

          4.   Plaintiffs' Request For Class Relief Does Not Necessitate Adjudication
               Of Their Prepetition Claims As An Adversary Proceeding...........................11

     B.   The Adversary Proceeding Undermines The Automatic Stay By Asserting
          Prepetition Claims And Should Be Dismissed ...........................................................12

     C.   Even If The Court Declines To Dismiss The Adversary Proceeding,
          Adjudication Is Premature And Should Be Stayed......................................................14

V.   CONCLUSION.........................................................................................................15

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................... 5

*Benedor Corp. v. Conejo Enters. (In re Conejo Enters.)*,
    96 F.3d 346 (9th Cir. 1996) ........................................................................................... 10

*Burnett et al. v. PG&E Corp., et al.*,
    Case No. CGC-18-571849 (Cal. Super. 2018) ............................................................. 3, 4

*Cal. Dep't of Health Servs. v. Jensen (In re Jensen)*,
    995 F.2d 925 (9th Cir. 1993) ........................................................................................... 6

*DBL Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert*
    *Grp., Inc.)*,
    148 B.R. 993 (S.D.N.Y. 1992)....................................................................................... 6, 7

*Espitia v. Mezzetti Fin. Servs., Inc.*,
    No. 18-CV-02480-VKD, 2019 WL 359422 (N.D. Cal. Jan. 29, 2019).............................. 2

*Greenblatt v. Richard Potasky Jeweler, Inc. (In re Richard Potasky Jeweler, Inc.)*,
    222 B.R. 816 (Bankr. S.D. Ohio 1998)......................................................................... 12

*In re Am. Spinning Mills, Inc.*,
    43 B.R. 365 (Bankr. E.D. Pa. 1984) ............................................................................. 14

*In re Bird*,
    229 B.R. 90 (Bankr. S.D.N.Y. 1999) ............................................................................ 14

*In re Buildings by Jamie*,
    230 B.R. 36 (Bankr. D.N.J. 1998) ................................................................................ 11

*In re Certified Parking Attendants, LLC*,
    No. 10-12513 AJ, 2012 WL 525516 (N.D. Cal. Feb. 16, 2012)..................................... 11

*In re Circuit City Stores, Inc.*,
    No. 08-35653-KRH, 2010 WL 120014 (Bankr. E.D. Va. Jan. 7, 2010)............... 5, 10, 11

*In re Ephedra Prod. Liab. Litig.*,
    329 B.R. 1 (S.D.N.Y. 2005)............................................................................................. 7

*In re First Magnus Fin. Corp.*,
    403 B.R. 659 (D. Ariz. 2009)........................................................................... 10, 12, 15

*In re Levine*,
    583 B.R. 231 (C.D. Cal. 2018) ............................................................................... 10, 13

Case: 19-03005   Doc# 21   Filed: 05/13/19   Entered: 05/13/19 18:37:58   Page 4 of 21

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

TABLE OF AUTHORITIES

*In re Taylor Bean & Whitaker Mortg. Corp.*,
No. 3:09-BK-07047-JAF, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010) ............................ 5

*In re Williams*,
124 B.R. 311 (Bankr. C.D. Cal. 1991) ........................................................................................ 12

*Johnson v. Riverside Healthcare Sys.*,
534 F.3d 1116 (9th Cir. 2008) .................................................................................................... 5

*Lewis v. Telephone Employees Credit Union*,
87 F.3d 1537 (9th Cir. 1996) ..................................................................................................... 14

*Mortland v. Aughney*,
No. C 11-00743 WHA, 2011 WL 2653515 (N.D. Cal. July 6, 2011) ........................................ 11

*Picerne Construction Corp. v. Castellino Villas, A. K.F. LLC (In re Castellino Villas, A. K. F. LLC)*,
836 F.3d 1028 (9th Cir. 2016) ..................................................................................................... 6

*Prewitt v. North Coast Village, Ltd. (In re North Coast Village)*,
135 B.R. 641 (9th Cir. BAP 1992) ............................................................................................. 11

*Quammen et al. v. PG&E Corp. et al.*,
Case No. CGC-18-571281 (Cal. Super. 2018) ........................................................................ 3, 4

*Sears, Roebuck and Co. v. Penny (In re Penny)*,
76 B.R. 160 (Bankr. N.D. Cal. 1983) .................................................................................... 6, 13

**Statutes**

11 U.S.C. § 101(5)(A) ...................................................................................................................... 6

11 U.S.C. § 105(a) .................................................................................................................. 2, 2, 14

11 U.S.C. § 362 ...................................................................................................................... 2, 7, 12

11 U.S.C. § 362(a) ........................................................................................................................ 3, 4

11 U.S.C. § 362(a)(1) .................................................................................................................... 12

11 U.S.C. § 501 ............................................................................................................................... 9

29 U.S.C. § 2102 ........................................................................................................................... 10

Cal. Pub. Res. Code § 4292 ............................................................................................................ 4

Cal. Pub. Res. Code § 4293 ............................................................................................................ 4

Cal. Pub. Util. Code § 2106 ......................................................................................................... 3, 4

California Health & Safety Code § 13007 ..................................................................................... 3, 4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

iii

**Other Authorities**

California Public Utilities Commission General Order 95 ........................................... 4

Fed. R. Bankr. P. 3002 ........................................................................................... 9

Fed. R. Bankr. P. 7001 ..................................................................................... *passim*

Fed. R. Bankr. P. 7012 ........................................................................................... 5

Fed. R. Bankr. P. 7012(b) ...................................................................................... 2

Fed. R. Bankr. P. 7012(b)(6) ............................................................................... 10

Fed. R. Bankr. P. 7023 ......................................................................................... 11

Fed. R. Bankr. P. 9011 ......................................................................................... 13

Fed. R. Bankr. P. 9014 ..................................................................................... 11, 12

Fed. R. Civ. P. 12(b)(6) ................................................................................... 5, 10

Fed. R. Civ. P. 12(c) .............................................................................................. 2

Fed. R. Civ. P. 12(h)(2)(B) ..................................................................................... 2

Judge Docket Order, Case No. 19-30088, February 23, 2019 ............................ 14

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    PRELIMINARY STATEMENT

Obviously recognizing that they had no basis to oppose the Debtors' March 18, 2019 Motion to Dismiss, Plaintiffs repackaged the same allegations and filed the Amended Complaint, which suffers from the same deficiencies as Plaintiffs' original Complaint (the "Original Complaint").  Indeed, despite Plaintiffs' amendments, the Adversary Proceeding remains an improper attempt to undermine the fundamental protection afforded to the Debtors under the automatic stay of section 362 of the Bankruptcy Code, circumvent the customary claims administration process, and usurp the plan formulation and negotiation process that will address and resolve *all* wildfire claims on a fair and equitable basis.

While Plaintiffs attempt to cure the defects in the Original Complaint by deleting explicit claims for damages and purporting instead to seek class certification, a declaration of the Debtors' liability for damages caused by the Camp Fire, injunctive relief mandating maintenance of electrical infrastructure, and a distribution of the Debtors' limited funds to the Camp Fire victims, the gravamen of Plaintiffs' allegations has not changed.  Plaintiffs' Camp Fire allegations in the Amended Complaint remain nearly identical to prepetition claims previously filed by Camp Fire victims in California State Courts prior to the commencement of the Chapter 11 Cases (which claims have been appropriately stayed under section 362 of the Bankruptcy Code); and Plaintiffs seek, through this Adversary Proceeding, to litigate these previously-stayed prepetition claims in order to have their claims heard and resolved before those of all other prepetition creditors, including other victims of the 2017 and 2018 California wildfires, who are properly following the required claims filing and administration process that is fundamental to Chapter 11.    Plaintiffs' attempted end-run around the claims administration and plan processes, as well as the automatic stay, is wholly improper, and this Adversary Proceeding should be dismissed.

First, Plaintiffs' requests for a declaration that the Debtors are liable for prepetition damages as a result of the Camp Fire, injunctive relief, and an equitable distribution of the Debtors' funds to wildfire victims—rather than a request for damages—are purely procedural fencing and, therefore, may not be the subject of an adversary proceeding under Bankruptcy Rule 7001.  Permitting this

Adversary Proceeding would open the floodgates for all prepetition wildfire claimants to file complaints and commence adversary proceedings based on prepetition conduct rather than filing proofs of claim, thereby undermining the entire Chapter 11 process and the fundamental protection of the automatic stay.

Second, the Adversary Proceeding is antithetical to the automatic stay protections afforded the Debtors under section 362 of the Bankruptcy Code because the Adversary Proceeding is nothing more than an action to assert prepetition claims that would be stayed if filed and pursued outside the Bankruptcy Court—and which, in fact, have been stayed in California State Courts.

Finally, if the Court declines to dismiss the Adversary Proceeding, the Court should, pursuant to section 105 of the Bankruptcy Code and its inherent powers to manage its docket, order that the proceedings be stayed given the early stage of these Chapter 11 Cases. The Debtors commenced the Chapter 11 Cases four months ago and they should be afforded the necessary "breathing room" to focus their attention on the critical matters necessary to move these Chapter 11 cases forward, including formulating a Chapter 11 plan of reorganization and developing a structured approach to address *all* wildfire claims in an orderly manner.[1] Accordingly, as set forth herein, the Complaint should be dismissed or, in the alternative, stayed pursuant to section 105(a) of the Bankruptcy Code.

## II.    STATEMENT OF RELEVANT FACTS

### A.    The Debtors Commenced The Chapter 11 Cases To Address Wildfire Claims

As the Court is aware, on January 29, 2019 (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases in an effort to address the multitude of lawsuits and claims arising from the 2017 and 2018 California wildfires while continuing to provide safe and reliable service to their 16 million customers. *See* Amended Declaration of Jason P. Wells in Support of First Day Motions and Related

---

[1] The Debtors expressly reserve their right, if the Adversary Proceeding is not dismissed as requested herein, to move to dismiss the Complaint at a later time on the ground that Plaintiffs have failed to allege plausible claims for relief under the State Law Causes of Action. *See Espitia v. Mezzetti Fin. Servs., Inc.*, No. 18-CV-02480-VKD, 2019 WL 359422, at *5 (N.D. Cal. Jan. 29, 2019) (holding the defense of failure to state a claim is not waived if the defendant does not raise it in a Federal Rule 12 motion in response to the plaintiff's complaint). Indeed, Federal Rule 12(h)(2)(B), which applies to adversary proceedings through Bankruptcy Rule 7012(b), states, "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by motion under Rule 12(c)." Federal Rule 12(c) (also applicable through Bankruptcy Rule 7012(b)) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

2

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Relief, Case No. 19-30088, Dkt. No. 263 at 3. As of January 11, 2019, the Debtors were aware of approximately 46 complaints filed against them on behalf of at least 2,000 plaintiffs related to the November 2018 wildfires in Butte and Plumas Counties (the "**Camp Fire**"), six of which assert purported class claims (the "**Prepetition CA Actions**"). *Id*. at 15. The Prepetition CA Actions assert numerous claims, including, among others, inverse condemnation, trespass, private nuisance, public nuisance, negligence, negligence per se, negligent interference with prospective economic advantage, negligent infliction of emotional distress, premises liability, violations of the Public Utilities Code, and violations of the Health & Safety Code. *Id*. at 15-16; *see also, e.g.,* Exhibit 1[2] (Complaint in *Quammen et al. v. PG&E Corp. et al.*, Case No. CGC-18-571281 (Cal. Super. 2018), dated November 13, 2018); Exhibit 2 (Complaint in *Burnett et al. v. PG&E Corp., et al.*, Case No. CGC-18-571849 (Cal. Super. 2018), dated December 5, 2018).[3] The Prepetition CA Actions are currently subject to the automatic stay under section 362(a) of the Bankruptcy Code. *See* 11 U.S. Code § 362(a).

**B.    Plaintiffs Initiated The Adversary Proceeding By Filing An Improper Complaint Asserting Prepetition Claims**

Just two weeks after the Petition Date and the Prepetition CA Actions being stayed, on February 13, 2019, Plaintiffs David Herndon, Julia Herndon, Gabriell Herndon, Jedidiah Herndon, Estefania Miranda, Gabriella's Eatery, Chico Rent-A-Fence, and Ponderosa Pest & Weed Control (collectively, "**Plaintiffs**") filed the Original Complaint, alleging that they suffered damages and economic losses as the result of the Camp Fire.[4] *See* Dkt. No. 1, at ¶¶ 1–7. In the Original Complaint in the Adversary Proceeding, Plaintiffs asserted claims, on behalf of themselves and a proposed class

---

[2] All citations to Exhibits refer to attachments to the Debtors' Request for Judicial Notice filed concurrently herewith.

[3] The *Quammen* and *Burnett* cases are illustrative examples of the putative class action lawsuits filed against PG&E before the Petition Date related to the Camp Fire. The *Quammen* complaint was filed on November 13, 2018 and asserted claims for negligence, inverse condemnation, trespass, private nuisance, public nuisance, premises liability, and violation of California Health and Safety Code section 13007. The *Burnett* complaint was filed on December 5, 2018 and asserted claims for negligence, inverse condemnation, trespass, private nuisance, public nuisance, premises liability, violation of California Public Utilities Code section 2106, violation of California Health and Safety Code section 13007, and negligent interference with prospective economic advantage.

[4] This statement of facts is based on the allegations in Plaintiffs' Original Complaint and First Amended Complaint, which are assumed to be true solely for purposes of this Motion to Dismiss. The Debtors dispute several assertions in both complaints, and nothing contained herein should be deemed an admission or concession of any facts at issue.

3

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

of individuals living and working, and entities owned or operated, in Butte and Plumas Counties as of the start of the Camp Fire on November 8, 2018, for negligence, inverse condemnation, trespass, private nuisance, public nuisance, premises liability, violation of California Public Utilities Code section 2106, violations of California Health and Safety Code section 13007, and negligent interference with prospective economic advantage (collectively, the "**State Law Causes of Action**"). *See generally id*.; *see also id.* at ¶¶ 128-150 (class allegations). The Original Complaint sought various forms of monetary relief as a result of the Camp Fire and also a permanent injunction ordering that the Debtors abate the alleged nuisance caused by the Camp Fire and stop violating Public Resource Code sections 4292 and 4293 and California Public Utilities Commission General Order 95. *See id*. at 46. The Debtors filed a motion to dismiss the Original Complaint on March 18, 2019, asserting, among other things, that the State Law Causes of Action asserted in the Original Complaint were prepetition claims that could not be brought through an adversary proceeding. *See* Dkt. No. 9.

### C. Plaintiffs Filed An Equally Improper Amended Complaint Asserting Prepetition Claims

Plaintiffs filed the First Amended Complaint on April 5, 2019 (the "**Amended Complaint**" or "**FAC**"), again alleging that Plaintiffs suffered damages and economic loses as a result of the Camp Fire and asserting the same State Law Causes of Actions as asserted in the Original Complaint.[5] *See* Dkt. No. 12. Notably, the Amended Complaint asserts substantially the same claims and allegations as those asserted in the Prepetition CA Actions, which were filed *prior to the Petition Date* and are currently stayed pursuant to section 362(a) of the Bankruptcy Code. *Compare* FAC, *with* Exhibit 1 (*Quammen* Complaint, dated November 13, 2018), *and* Exhibit 2 (*Burnett* Complaint, dated December 5, 2018). [6] In fact, the plaintiffs in the Prepetition CA Actions would be members of the proposed class in this Adversary Proceeding. *See* FAC at ¶¶ 155-164 (class allegations). However, instead of

---

[5] The FAC added Mr. Steven Jones as a named Plaintiff in the Adversary Proceeding. Hereafter, any reference to "Plaintiffs," shall include Mr. Jones.

[6] The Amended Complaint's allegations are also substantially similar to those in the Original Complaint—the FAC merely adds minimal allegations related to: (1) Plaintiffs' personal recounts of the Camp Fire (*see* FAC at ¶¶ 18-33), (2) recent rulings by the CPUC and issuance of Cal Fire Report relating to its investigation of the Camp Fire (*see* FAC at ¶¶ 58, 86), (3) the Debtors' wildfire insurance (*see* FAC at ¶ 152), and (4) the Debtors' bankruptcy proceedings (*see* FAC at ¶ 154).

4

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

expressly requesting damages, the FAC's prayer for relief requests that the Court: (1) certify Plaintiffs' proposed class, (2) "[d]eclare [the Debtors] liable to the class for causing the Camp Fire," (3) "[p]ermanently enjoin [the Debtors] from continuing to violate their duties to maintain the electrical infrastructure; (4) "[o]rder [the Debtors] to modify their policies and practices to ensure public safety," and (5) "[a]ward an equitable distribution of [the Debtors'] limited funds to Plaintiffs and the rest of the class." FAC at 55. Plaintiffs' attempt to circumvent the Bankruptcy Code and Bankruptcy Rules by requesting prepetition damages under the guise of a declaratory judgement and equitable relief, and to disrupt the plan formulation and negotiation process by superimposing class action litigation on the normal Chapter 11 plan dynamics, must be rejected and the Adversary Proceeding dismissed.

## III. LEGAL STANDARD

Under Federal Rule 12(b)(6), made applicable in adversary proceedings through Bankruptcy Rule 7012, a Bankruptcy Court may dismiss a complaint if it fails to "state a claim upon which relief can be granted." To avoid dismissal under Federal Rule 12(b)(6), a plaintiff must aver in the complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). It is axiomatic that a claim cannot be plausible when it has no legal basis. Therefore, a dismissal under Federal Rule 12(b)(6) may be based either on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys*, LP, 534 F.3d 1116, 1121 (9th Cir. 2008). Federal Rule 12(b)(6) applies where, as here, the defendant seeks to dismiss an adversary complaint on the ground that it asserts an improper basis for an adversary proceeding under Bankruptcy Rule 7001. *See, e.g.*, *In re Circuit City Stores, Inc.*, No. 08-35653-KRH, 2010 WL 120014, at *4-5 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing proposed class action adversary proceeding pursuant to Federal Rule 12(b)(6) where the complaint asserted prepetition claims that the Court found were an improper matter for an adversary proceeding under Bankruptcy Rule 7001 and better asserted through the claims process); *In re Taylor Bean & Whitaker Mortg. Corp.*, No. 3:09-BK-07047-JAF, 2010 WL 4025873, at *3 (Bankr. M.D. Fla. Sept. 27, 2010) (applying Federal Rule 12(b)(6) legal standard to evaluate defendant's motion to dismiss asserting that plaintiffs' claims were an improper matter for an adversary proceeding under Bankruptcy Rule 7001).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

## IV. ARGUMENT

### A. Plaintiffs' Adversary Proceeding Is Improper And Must Be Dismissed

#### 1. Plaintiffs' Claims As Alleged In The Amended Complaint Are Prepetition Claims And Cannot Be Brought Through An Adversary Proceeding

Bankruptcy Rule 7001 "is not . . . an open invitation to commence any sort of adversary proceeding against the Debtor." *Sears, Roebuck and Co. v. Penny* (*In re Penny*), 76 B.R. 160, 161 (Bankr. N.D. Cal. 1987). Rather, it enumerates ten *exclusive* types of matters that can be brought through an adversary proceeding. *See* Fed. R. Bankr. P. 7001(1)–(10). Importantly, Bankruptcy Rule 7001 does not include a category for recovery of prepetition damages claims against a debtor. *See id.*; *DBL Liquidating Trust v. P.T. Tirtamas Majutama* (*In re Drexel Burnham Lambert Grp., Inc.*), 148 B.R. 993, 998 (S.D.N.Y. 1992) ("A claim for damages arising from pre-petition conduct is not one of [the] categories [enumerated in Bankruptcy Rule 7001]."); *see also Sears, Roebuck and Co.*, 76 B.R. at 161 (noting that Rule 7001(1) permitting an adversary proceeding to recover "money or property" does not include adversary proceedings by creditors to recover prepetition damages claims).

Section 101(5) of the Bankruptcy Code defines a prepetition "claim" to include, among other things, a right to payment, whether or not such right to payment is "reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured." 11 U.S.C. § 101(5)(A). In the Ninth Circuit, a "claim" arises for the purposes of section 101(5)(A) "when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *Picerne Construction Corp. v. Castellino Villas, A. K.F. LLC* (*In re Castellino Villas, A. K. F. LLC*), 836 F.3d 1028, 1034 (9th Cir. 2016).

Here, Plaintiffs cannot dispute that the State Law Causes of Action asserted in the Amended Complaint are prepetition claims. Plaintiffs' claims all arose in connection with the November 8, 2018 Camp Fire which, over the course of approximately two weeks, burned in excess of 150,000 acres of land, including, as asserted, property owned or occupied by Plaintiffs and proposed class members. *See* FAC at ¶¶ 46-53. Thus, Plaintiffs should have contemplated the alleged "claims" against PG&E as of the start of the fire (November 8, 2018), or, at the latest, shortly after it was extinguished (about two weeks later). *See Cal. Dep't of Health Servs. v. Jensen* (*In re Jensen*), 995 F.2d 925, 929 (9th Cir. 1993) (holding that a claim for environmental cleanup costs arose prepetition because the claimant

knew the groundwater was contaminated, even though it was not until after the date of the petition that the full extent of the environmental contamination was discovered and the cleanup work performed). Indeed, the fact that other wildfire victims asserted nearly identical claims in the Prepetition CA Actions *prior to the Petition Date* makes it indisputable that Plaintiffs here are asserting purely prepetition claims. *Compare* FAC, *generally*, *with* Exhibit 1 (*Quammen* Complaint, dated November 13, 2018), *and* Exhibit 2 (*Burnett* Complaint, dated December 5, 2018). Because the Adversary Proceeding asserts prepetition claims only, it is improper as a matter of law and must be dismissed. *See In re Ephedra Prod. Liab. Litig.*, 329 B.R. 1, 7 (S.D.N.Y. 2005) (noting that putative class representatives could not maintain an adversary proceeding against the debtors asserting the same RICO claims that had been filed in a prepetition State Court action that was stayed under Bankruptcy Code section 362); *DBL Liquidating Trust*, 148 B.R. at 998 (finding that, based on the provisions of Bankruptcy Rule 7001, a claim for damages resulting from the breach of a prepetition contract could not have been brought in an adversary proceeding and could properly be brought only through the proof of claim process).

### 2. Plaintiffs' Requests For Declaratory And Equitable Relief Based On Prepetition Claims Cannot Be Brought Through An Adversary Proceeding

Plaintiffs' requests for a declaratory judgment and equitable relief are merely devices for procedural fencing in an ill-conceived attempt to fit the Adversary Proceeding within Rule 7001(7) and 7001(9) and thus cannot save the Amended Complaint from dismissal.

Bankruptcy Rule 7001(7) provides that an adversary proceeding can include "a proceeding to obtain an injunction or other equitable relief." *See* Fed. R. Bankr. P. 7001(7). Although the Amended Complaint requests an injunction pursuant to Federal Rule 23(b)(2) "to stop future harm caused by PG&E's failure to properly maintain its electrical infrastructure," (FAC at p. 1) and an "equitable division of [the Debtors'] funds available through this bankruptcy proceeding pursuant to Federal Rule of Civil Procedure 23(b)(1)," (*id*.) the gravamen of the Adversary Proceeding is the Debtors' alleged liability for Plaintiffs' prepetition damages, not equitable relief. *See* FAC, *generally*. Indeed, Plaintiffs admit that this Adversary Proceeding does not arise under Bankruptcy Rule 7001(7), and that the nature of their lawsuit is not equitable relief. *See* Adv. Pro. Cover Sheet, Dkt. No. 1 (selecting

"Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)", not "FRBP 7001(7) – Injunctive Relief", as the nature of suit). Accordingly, the Court should not permit the Adversary Proceeding asserting prepetition claims to proceed, and allow Plaintiffs to circumvent the claims process to the detriment of other creditors, based on Plaintiffs' request for equitable relief. *See In re Downey Regional Medical Center-Hosp., Inc.*, 441 B.R. 120, 127 (9th Cir. BAP (Cal.), 2010) (holding that in the context of Rule 7001, "form should not be elevated over substance"); *see in re: Dornier Aviation (North America), Incorporated*, 453 F.3d 225, 233 (C.A. 4 (Va.) 2006) ("A bankruptcy court's equitable powers have long included the ability to look beyond form to substance.").

Bankruptcy Rule 7001(9) on the other hand provides that an adversary proceeding can include a proceeding "to obtain a declaratory judgment *relating to any of the foregoing.*" *See* Fed. R. Bankr. P. 7001(9) (emphasis added). In other words, a declaration is only a proper matter for an adversary proceeding if it relates to the types of matters enumerated in Rules 7001(1)-(8). *See In re Three Strokes Ltd. P'ship*, 397 B.R. 804, 807 (Bankr. N.D. Tex. 2008) ("Bankruptcy Rule 7001(9) only speaks to requests for declaratory judgment relating to items (1)-(8) of Bankruptcy Rule 7001"). As set forth above, Bankruptcy Rule 7001 does not include a category for recovery of prepetition damages claims against a debtor. *See In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. at 998 (S.D.N.Y. 1992). Here, Plaintiffs request a declaration that the Debtors are "liable for the property and other economic damage caused by the Camp Fire" (FAC at p. 1)—*i.e.*, a declaration that Plaintiffs can recover damages arising from the Debtors' prepetition conduct. Plaintiffs' requested declaration clearly does not fall within the purview of Rule 7001(9) because it relates to their right to recover prepetition damages, rather than the matters listed in Rule 7001(1)-(8). The Adversary Proceeding is therefore improper and must be dismissed.

Moreover, even if the Court were to determine that the Adversary Proceeding seeking declaratory relief is permissible under Rule 7001(9), the Court should still dismiss the Amended Complaint because a declaration of liability would serve no useful purpose in these Chapter 11 Cases. Courts have "unique and substantial discretion" with respect to declaratory relief actions, including discretion whether to entertain, stay, or dismiss the action. *See Wilton v. Seven Falls Co.*, 515 U.S.

Case: 19-03005   Doc# 21   Filed: 05/13/19   Entered: 05/13/19 18:37:58   Page 14 of 21

277, 286 (1995); *In re Nemee*, No. 09-93249-E-11, 2010 WL 9478898, at *4 (Bankr. E.D. Cal. May 19, 2010) ("The propriety of granting declaratory relief depends upon a circumspect sense of the fitness of the procedure to the issues presented."). Declaratory relief is appropriate "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *In re Nordeen*, 495 B.R. 468, 481 (B.A.P. 9th Cir. 2013). Here, Plaintiffs amended their Original Complaint to remove a request for prepetition damages and replaced it with request for a declaration that they are entitled to prepetition damages. This is an improper end-run around Rule 7001. As discussed in Section IV.A.3. *infra*, the proper procedure for resolving the Debtors' wildfire liabilities to Plaintiffs and the thousands of other wildfire claimants—an issue at the heart of these Chapter 11 Cases—is the claims resolution and plan process, not a one-off adversary proceeding seeking class treatment and declaratory relief as a proxy for damages recovery. Because the claims and Chapter 11 plan process is a more effective and efficient means for addressing Plaintiffs' claims, the Court should dismiss the Adversary Proceeding requesting declaratory relief. *See In re Nemee*, No. 09-93249-E-11, 2010 WL 9478898, at *4 (Bankr. E.D. Cal. May 19, 2010) (stating that the tests for whether a court should entertain a request for declaratory relief are whether the "issuance of a declaratory judgment will effectively solve the problem, ***whether it will serve a useful purpose, and whether or not the other remedy is more effective or efficient.***") (emphasis added) (internal quotation marks omitted).

### 3. Plaintiffs' Prepetition Claims Must Be Asserted Though The Proof Of Claim Process

Plaintiffs' Adversary Proceeding should also be dismissed as an improper effort to circumvent the claims submission process and to prefer the resolution of Plaintiffs' and the proposed class members' wildfire claims over other creditors. Claims arising from prepetition conduct—like Plaintiffs' claims here—must be asserted through the proof of claim process, not an adversary proceeding. *See* 11 U.S.C. § 501; *see also* Fed. R. Bankr. P. 3002 ("A secured creditor, unsecured creditor or equity security holder must file a proof of claim or interest for the claim or interest to be allowed"); Fed. R. Bankr. P. 7001, Advisory Committee Notes ("proofs of claim and the allowances

thereof are governed by rules 3001-3005"); *In re Ephedra Prods. Liab. Litig.*, 329 B.R. at 7 ("In bankruptcy, the only appropriate way to assert a claim against a debtor's estate is through the timely filing of a properly executed proof of claim and not through an adversary proceeding.") (internal quotation marks omitted); 10 Collier on Bankruptcy ¶ 7001.02 (stating that an adversary proceeding may not be used as a substitute for a proof of claim). The claims process ensures that all creditors stand on equal footing for purposes of the distribution of a debtor's assets. *See, e.g., In re Levine*, 583 B.R. 231, 235 (C.D. Cal. 2018) (citing *In re Bialac*, 712 F.2d 426, 431 (9th Cir. 1983)).

Here, rather than filing a proof of claim through the required claims submission process, Plaintiffs are attempting to use the Adversary Proceeding to seek to recover for prepetition claims that other wildfire victims previously alleged and that are currently stayed in the Prepetition CA Actions. Allowing Plaintiffs to do so and letting the Adversary Proceeding move forward would completely undermine the effect of the automatic stay and circumvent the claims process. The issues the Plaintiffs are seeking to litigate in this Adversary Proceeding go to heart of the Debtors' wildfire liability, which will be a key issue in these Chapter 11 Cases and should be resolved as part of the claims administration and Chapter 11 plan process at the appropriate time. It would be fundamentally unfair to other claimants, including other Camp Fire claimants (such as the named plaintiffs in the stayed Prepetition CA Actions), as well as other holders of claims arising from the other wildfires—all of whom must comply with the claims process—to permit the Adversary Proceeding to proceed. Plaintiffs should not be able to circumvent the customary process, to the detriment and prejudice of other claimants, by improperly asserting their prepetition claims through an adversary proceeding. *See Benedor Corp. v. Conejo Enters.* (*In re Conejo Enters.*), 96 F.3d 346, 352 (9th Cir. 1996); *In re First Magnus Fin. Corp.*, 403 B.R. 659, 663–64 (D. Ariz. 2009).

Moreover, allowing the Adversary Proceeding to proceed would invite other prepetition claim holders to initiate adversary proceedings rather than submit proofs of claims—opening these cases up to a potential tidal wave of adversary proceedings and completely unmanageable circumstances. *See In re Circuit City Stores, Inc.,* No. 08-35653-KRH, 2010 WL 120014, at *1 (Bankr. E.D. Va. Jan. 7, 2010) (dismissing proposed class action adversary proceeding pursuant to Federal Rule 12(b)(6) and Bankruptcy Rule 7012(b)(6) where the complaint alleged claims for back pay under 29 U.S.C. § 2102

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*et seq*., the "WARN Act," that arose prepetition); *In re Buildings by Jamie*, 230 B.R. 36, 45–46 (Bankr. D.N.J. 1998) (dismissing the creditors' adversary complaint because "the proper procedure for [creditors] to prosecute claims directly against the debtor is to simply file proofs of claims in accordance with the Bankruptcy Code and the Rules"); *see In re North Coast Village*, 135 B.R. 641, 644 (9th Cir. B.A.P. 1992) (holding that even if an adversary proceeding does not violate the automatic stay, it may be dismissed as procedurally improper where the claims should have been asserted through the claims process).

### 4.   Plaintiffs' Request For Class Relief Does Not Necessitate Adjudication Of Their Prepetition Claims As An Adversary Proceeding

Any argument that Plaintiffs' Amended Complaint must be adjudicated as an adversary proceeding because it purports to bring claims on behalf of a proposed class also must be rejected.  The Debtors do not take a position at this time as to whether Plaintiffs' claims are appropriate for class treatment and reserve all rights, defenses, and remedies with respect to any future motion for class certification.  Nonetheless, the appropriate process for Plaintiffs to seek class-wide relief is to apply for an order pursuant to Bankruptcy Rule 9014 authorizing them to file a class proof of claim.  *See In re Certified Parking Attendants, LLC*, Nos. C 11-00747, C 11-00746 JSW, 2012 WL 525516, at *3 (N.D. Cal. Feb. 16, 2012) (stating that class proofs of claim are permissible in a Bankruptcy Court's discretion because Rule 9014 permits the application of Rule 7023, and thus Federal Rule 23, to contested matters).  The Ninth Circuit requires claimants to obtain the Bankruptcy Court's permission prior to filing a class claim, *see id*. (stating that in contested matters, the proponent must seek to apply Federal Rule 23 through Rule 7023 by filing a motion under Rule 9014 before a class proof of claim can be filed), and the Court has considerable discretion in determining whether to permit a claim to be filed on behalf of a class.  *See Mortland v. Aughney,* No. C 11-00743 WHA, 2011 WL 2653515, *2 (N.D. Cal. July 6, 2011) (holding that "a bankruptcy court has *discretion* to apply [Federal Rule] 23 via Rule 7023 via Rule 9014" given that that the bankruptcy process already efficiently consolidates claims in a manner similar to a class action) (emphasis in original).  Plaintiffs' attempt to circumvent the Ninth Circuit's well-established procedure governing class proofs of claim is improper and should be rejected.  *See In re Circuit City Stores, Inc.,* 2010 WL 120014, at *1 (dismissing proposed class

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

action adversary proceeding in favor of the claims process). Moreover, dismissing the Adversary Proceeding would not prejudice Plaintiffs' ability to seek an order pursuant to Bankruptcy Rule 9014 permitting a class proof of claim as the claims bar date has not even been set for the Chapter 11 Cases. *See In re First Magnus Fin. Corp.*, 403 B.R. at 663–64 (affirming Bankruptcy Court's dismissal of proposed class action adversary proceeding noting that the issues asserted in the complaint could be raised in the claims process).

### B. The Adversary Proceeding Undermines The Automatic Stay By Asserting Prepetition Claims And Should Be Dismissed

Section 362 of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against a debtor that was or could have been commenced before the commencement of a case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). All that the Bankruptcy Code requires for a violation of the automatic stay is the commencement of a suit against the debtor. *See Greenblatt v. Richard Potasky Jeweler, Inc.* (*In re Richard Potasky Jeweler, Inc.*), 222 B.R. 816, 829 (Bankr. S.D. Ohio 1998) (citing 11 U.S.C. § 362(a)(1)); *see also In re Williams*, 124 B.R. 311, 316 (Bankr. C.D. Cal. 1991) (finding that "actions taken in violation of the automatic stay are void and without effect."). Nevertheless, the Ninth Circuit Bankruptcy Appellate Panel has held that the automatic stay "does not apply to proceedings commenced against the Debtor in the bankruptcy court where the debtor's bankruptcy is pending." *In re North Coast Village*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992); *see also In re Miller*, 397 F.3d 726, 730 (9th Cir. 2005). The rationale for this "home" Bankruptcy Court exception to the automatic stay is that extending the automatic stay to the Bankruptcy Court "would lead to absurd results" such as requiring creditors to seek "relief from stay to file a proof of claim or even a motion for relief from stay." *See In re North Coast Village*, 135 B.R. at 643.

In the instant case, and as demonstrated above, Plaintiffs commenced the Adversary Proceeding to assert prepetition claims that were previously asserted prior to the Petition Date *and which were already stayed* in the Prepetition CA Actions. Even if the Adversary Proceeding may not technically violate the automatic stay under the "home" Bankruptcy Court exception set forth in *In re North Coast*

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

*Village*, Plaintiffs' efforts to prosecute their prepetition claims through the Adversary Proceeding are an unmistakable and improper attempt to circumvent the protections afforded the Debtors under the automatic stay. *See In re Levine*, 583 B.R. 231, 235 (C.D. Cal. 2018) ("the automatic stay helps ensure the orderly distribution of estate property in a way that will maximize the benefit to creditors") (citing *In re Bialac*, 712 F.2d 426, 431 (9th Cir. 1983)). Indeed, even the Courts applying the "home" Bankruptcy Court exception nevertheless have supported the proposition that an adversary proceeding may not be utilized to undermine the purpose of the automatic stay and circumvent the claims process. *See, e.g., In re North Coast Village*, 135 B.R. 641, 643 (B.A.P. 9th Cir. 1992) (stating that the "home" Court exception does not "grant[] creditors permission to commence and continue with impunity any proceeding against the debtor so long as the proceeding is commenced in the home bankruptcy court" and that a complaint could "be dismissed and sanctions could be awarded under Fed. R. Bankr. P. 9011 in an appropriate proceeding, because the claim should have been asserted through the claims allowance process."). That is precisely the case here—the claims should and properly are asserted through the claims allowance process. Allowing claimants to pursue prepetition claims otherwise subject to the automatic stay under the guise of an adversary proceeding in the Bankruptcy Court would render the protection afforded by the automatic stay completely meaningless. *See Sears, Roebuck and Co.*, 76 B.R. at 161 (holding that a prepetition state law cause of action brought as an adversary proceeding was "exactly the same action [the creditor] would file in state court had there been no bankruptcy," and it "is sheer nonsense" for the creditor to believe it could circumvent the stay simply because "the suit [was] filed in bankruptcy court").

In sum, because Plaintiffs' Amended Complaint asserts purely prepetition claims that were previously asserted prior to the Petition Date and already stayed in the Prepetition CA Actions, this Court should dismiss the Amended Complaint to ensure the Debtors are afforded the appropriate protections of the automatic stay. *See In re North Coast Village*, 135 B.R. at 643 (holding that even if an adversary proceeding does not violate the automatic stay, it may be dismissed as procedurally improper where the claims should have been asserted through the claims process).

Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

**C.    Even If The Court Declines To Dismiss The Adversary Proceeding, Adjudication Is Premature And Should Be Stayed**

If the Court were not inclined to dismiss the Amended Complaint, the Debtors alternatively seek an order that stays and defers prosecution of the Adversary Proceeding.  *See In re North Coast Village*, 135 B.R. at 643; *see also In re Am. Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr. E.D. Pa. 1984) ("If the continued prosecution of disputed matters in bankruptcy court proves to be unreasonably burdensome to the debtor, he may apply to the court to stay the proceedings or bar them under 11 U.S.C. § 105(a).").  The Court has significant authority under section 105 and pursuant to its inherent powers to control its own docket to stay the Adversary Proceeding.  *See* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); *In re Bird*, 229 B.R. 90, 95 (Bankr. S.D.N.Y. 1999) ("[I]t should be emphasized, this court has control over the matters on its docket such that, if an adversary proceeding be premature, the court may defer adjudication."); *see also Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1557 (9th Cir. 1996) ("Courts are invested with inherent powers . . . to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (internal quotations and citations omitted).

Here, allowing the Adversary Proceeding to proceed would allow Plaintiffs to force the Debtors—and this Court—to address the Plaintiffs' claims ahead of all other tort claims, prejudicing all other prepetition claimants, including the thousands of other wildfire claimants, and wasting judicial time and resources.  The wildfire liability issues raised by the Adversary Proceeding are central to these Chapter 11 cases which, as stated, should be resolved in the claims and plan process at the appropriate time which will allow all interested parties to be heard.  As the Court rightly stated, "the [D]ebtors, committee counsel, other parties in interest and the [C]ourt need time to consider whether there can and will be a coordinated and structured approach for dealing with tort claims."  *See* Judge Docket Order, Case No. 19-30088, February 23, 2019 (Tentative Ruling on Valero Refining Motion For Relief From Stay).  To allow the Adversary Proceeding to continue would completely undermine this approach.  If this Court does not dismiss the Adversary Proceeding outright, the Court should exercise its powers under section 105 to stay prosecution of the Adversary Proceeding.  *See In re North Coast Village*, 135 B.R. 641, 644 (B.A.P. 9th Cir. 1992)("[I]f the continuation of an otherwise

14

permissible proceeding is unreasonably burdensome or economically unwarranted given the status of the bankruptcy case, the debtor may request the court to delay prosecution of the proceeding to a later more appropriate time."); *see also In re First Magnus Fin. Corp.*, 403 B.R. at 663–64 (stating that Bankruptcy Courts have "an inherent duty and the power" to stay or dismiss an adversary proceeding if necessary "to preserve its integrity, to ensure that the legislation administered by the court will accomplish its legislative purpose, or to control its docket.") (quoting *In re Wells*, 71 B.R. 554, 557 (Bankr. N.D. Ohio 1987)).

## V. CONCLUSION

For the reasons set forth above, the Debtors respectfully request that the Court dismiss the Adversary Proceeding, or, in the alternative, stay prosecution of the Adversary Proceeding.

Dated: May 13, 2019

**WEIL, GOTSHAL & MANGES LLP**
**CRAVATH, SWAINE & MOORE LLP**
**KELLER & BENVENUTTI LLP**


_____/s/ David R. Singh_____
David R. Singh

*Attorneys for Defendants (Debtors and Debtors in Possession)*

**Weil, Gotshal & Manges LLP**
767 Fifth Avenue
New York, NY 10153-0119

15